Dear Mr. Koupal:
This opinion is in response to your question:
 Is a prescription executed by a licensed optometrist, pursuant to section 336.220
RSMo (Supp. 1981) Missouri Board of Optometry, recognized as valid for dispensing purposes by a licensed pharmacist within a licensed pharmacy in the State of Missouri.
No provision of Missouri law prohibits the dispensing of drugs, which are generally referred to as prescription drugs, except controlled substances, without a prescription. However, federal law does prohibit the dispensing of certain types of drugs unless they have been prescribed by a practitioner licensed to administer this type of drug. 21 U.S.C. § 353(b)(1) provides:
 (b)(1) A drug intended for use by man which —
 (A) is a habit-forming drug to which section 352(d) of this title applies; or
 (B) because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drug; or
 (C) is limited by an approved application under section 355 of this title to use under the professional supervision of a practitioner licensed by law to administer such drug,
 shall be dispensed only (i) upon a written prescription of a practitioner licensed by law to administer such drug, or (ii) upon an oral prescription of such practitioner which is reduced promptly to writing and filed by the pharmacist, or (iii) by refilling any such written or oral prescription if such refilling is authorized by the prescriber either in the original prescription or by oral order which is reduced promptly to writing and filed by the pharmacist. The act of dispensing a drug contrary to the provisions of this paragraph shall be deemed to be an act which results in the drug being misbranded while held for sale.
This statute allows a practitioner to write a prescription for a prescription drug if the practitioner is "licensed by law to administer such drug." Whether or not a practitioner is licensed to administer prescription drugs must be determined by state law. Winograd v. Johnson, 561 P.2d 1274 (Colo.Ct.App. 1976). Section 336.220, RSMo Supp. 1984, authorizes the use of topically applied diagnostic pharmaceutical agents by an optometrist in the practice of optometry if the optometrist has been certified by the State Board of Optometry to use diagnostic pharmaceutical agents. We understand that the types of drugs which are diagnostic pharmaceutical agents include drugs for which a prescription is required under 21 U.S.C. § 353(b)(1).
Section 336.220, RSMo Supp. 1984, authorizes the "use" of diagnostic pharmaceutical agents in subsections 1 and 2. In subsections 3, 4 and 5, the term "administer" is used instead of the term "use." In fact, the specific language in Section336.220.4, RSMo Supp. 1984, states:
 Any provision of section 336.010 to the contrary notwithstanding, a registered optometrist who is examined and so certified by the state board of optometry may administer topically applied diagnostic pharmaceutical agents in the practice of optometry.
Therefore, since a D.P.A. (diagnostic pharmaceutical agent) certified optometrist may administer these types of drugs, a D.P.A. certified optometrist may, under the federal law, write a prescription for these drugs unless some other provision of Missouri law provides to the contrary.
Section 195.070, RSMo 1978, contains specific provisions with regard to who may prescribe controlled substances. It states in pertinent part:
 1. A physician, podiatrist or a dentist, in good faith and in the course of his professional practice only, may prescribe, administer, and dispense controlled substances or he may cause the same to be administered by a nurse or intern under his direction and supervision.
 2. A veterinarian, in good faith and in the course of his professional practice only, and not for use by a human being, may prescribe, administer, and dispense controlled substances and he may cause them to be administered by an assistant or orderly under his direction and supervision.
Additionally, Section 195.060, RSMo 1978, provides in part that, with certain exceptions not relevant to this question, a pharmacist may dispense controlled substances only upon the prescription of a physician, dentist, podiatrist or veterinarian. The term "physician" includes only those persons licensed by the State Board of Registration for the Healing Arts under Chapter 334, RSMo. Section 334.021, RSMo 1978. Since the provisions of Chapter 195 appear to be in conflict with Section 336.220, we must apply the rules of statutory construction. Where two statutes conflict and cannot be harmonized, if one statute is specific and the other is general, the specific statute prevails. Bartley v. Special SchoolDistrict of St. Louis County, 649 S.W.2d 864, 867 (Mo. banc 1983). In this instance, the specific language of Chapter 195 prevails over the general language of Section 336.220. Therefore, if an optometrist's prescription written pursuant to Section 336.220
involves a controlled substance, a pharmacist may not dispense the controlled substance pursuant to that prescription.
We find no other provision of Missouri law which prohibits an optometrist from prescribing drugs. We conclude, therefore, that by authorizing D.P.A. certified optometrists to administer certain prescription drugs, the legislature intended to authorize such optometrists to prescribe such prescription drugs other than controlled substances.
Conclusion
It is the opinion of this office that an optometrist certified pursuant to Section 336.220, RSMo Supp. 1984, to administer topically applied diagnostic pharmaceutical agents may also prescribe such diagnostic pharmaceutical agents, except controlled substances. Pharmacists licensed under Chapter 338, RSMo, may dispense drugs according to such prescriptions.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General